**Augustine David HENDERSON, et al., Plaintiffs,**

v.

**Robert A. STANTON, et al., Defendants.**

**Nos. Civ.A. 95–850, Civ.A. 950–1081 (SS).**

United States District Court, District of Columbia.

Nov. 24, 1999.

James Matthew Henderson, Sr., American Center for Law & Justice, Washington, DC, Augustine David Henderson, Annandale, VA, for Augustine David Henderson, plaintiff.

Marina Utgoff Braswell, Mark E. Nagle, Wilma Antoinette Lewis, U.S. Attorney's Office, Washington, DC, for defendants.

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. Plaintiffs Augustine David Henderson and Gregory Francis Phillips challenge a National Park Service regulation limiting commercial activity on federal parkland in the National Capital Region to the sale of "books, newspapers, leaflets, pamphlets, buttons and bumper stickers." 36 C.F.R. § 7.96(k)(2). Plaintiffs protest the regulation's proscription against the sale of message-bearing t-shirts as a violation of the First and Fifth Amendments, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and the Administrative Procedures Act, 5 U.S.C. § 501 *et seq.*

On September 12, 1995, this Court in a related case concluded that the regulation was in violation of the First Amendment and enjoined defendants from enforcing the regulation. *Friends of the Vietnam Veterans Memorial v. Kennedy*, 899 F.Supp. 680 (D.D.C.1995). The defendants in that case appealed. While the appeal was pending, the parties entered into a stipulation permitting the plaintiffs in that case, along with other non-party t-shirt vendors, to continue such sales until the appeal was decided.

The Court of Appeals found the amended regulation to be constitutionally valid and reversed this Court's ruling. *Friends of Vietnam Veterans Memorial v. Kennedy (Friends I)*, 116 F.3d 495 (D.C.Cir. 1997). Following the Court of Appeals' decision, the National Park Service issued four notices dated August 18, 1997, August 21, 1997, August 22, 1997, and September 5, 1997, apprising the public that the constitutionality of the regulation had been upheld and that the regulation would be enforced on a prospective basis.

The plaintiffs in this case had each filed their respective complaints against defendants approximately one month subsequent to the filing of the complaint in *Friends*. After the Court of Appeals rendered its decision, plaintiffs moved for leave to amend and supplement their complaints to add new claims under the Religious Freedom Restoration Act, the Administrative Procedures Act, and the First and Fifth Amendments. This Court granted plaintiffs' motion. Defendants moved for reconsideration of the Court's decision and for dismissal of plaintiffs' cases in light of the Court of Appeals' decision. Upon reconsideration, this Court denied plaintiffs' request for leave to amend on the basis that the amendment would be futile, in view of the Court of Appeals' far-reaching and comprehensive decision in *Friends I*, and granted defendants' motion to dismiss plaintiffs' cases. *Friends of the Vietnam Veterans Memorial v. Kennedy*, 984 F.Supp. 18 (D.D.C. 1997). In an unpublished opinion, the Court of Appeals remanded and directed this Court to consider plaintiffs' claims. *Henderson v. Stanton*, 172 F.3d 919 (D.C.Cir.1998). Defendants have since withdrawn their opposition to plaintiffs' motion to amend the complaint so that the

amended complaint could be filed and the case decided on the merits.

## I. BACKGROUND

For many years, the National Mall, a tract of federal parkland situated in the heart of Washington, D.C. and surrounded by a number of this nation's most prestigious museums, has been a sightseeing mecca, a place for individuals and groups to demonstrate and protest, as well as a commercial site for vendors, both individuals and groups, engaged in the sale of a variety of items, including message-bearing t-shirts.

On May 18, 1994, the National Park Service ("NPS"), which oversees the National Mall pursuant to statutory mandate under 16 U.S.C. § 1, issued a notice of proposed rule making to amend 36 C.F.R. § 7.96(k)(2). The NPS sought to amend the regulation to restrict commercial sales made on the National Mall to "books, newspapers, leaflets, and pamphlets." National Capital Region Parks; Sales, 59 Fed.Reg. 25,855, 25,859 (1994). The NPS initiated the rule making as part of its effort to reduce the "discordant and excessive commercialism, as well as degraded aesthetic values," resulting from rampant commercial activity on the National Mall. *Id.* at 25,856.

The NPS issued its final regulation on April 7, 1995. The amended regulation limited commercial sales on federal parkland in Washington, DC to "books, newspapers, leaflets, pamphlets, buttons and bumper stickers." National Capital Region Parks; Special Regulations, 60 Fed. Reg. 17,639 (1995). The NPS explicitly banned t-shirt sales from the regulation because it found that "the basic problem of commercialization and attendant adverse impacts on park values is caused by T-shirt sales. [The NPS] also concluded that the problem cannot be abated by other than a ban on such sales on park land." *Id.* at 17,642.

Plaintiffs are evangelical Christians. Pursuant to their religious beliefs plaintiffs distribute food and other essentials to the needy in the city, and conduct ministerial outreaches through preaching, singing, teaching, and musical and dramatic performances. In addition, they present the gospel message and oversee the coordination of these and other religious activities by others.

Their religious activities also include the communication of the gospel by all available means. To do so they write, print, and distribute vast numbers of leaflets, handbills, broadsides, and pamphlets. Plaintiffs rely extensively on the sale of message-bearing t-shirts to "spread the word." Because of the expenses associated with printing t-shirts, plaintiffs are unable to distribute them free of cost.

## II. ANALYSIS

Pursuant to Rule 56(c) of the Fed.R.Civ. P., summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

A motion to dismiss may be granted if it appears that plaintiffs can prove no set of facts that would entitle them to relief. *In re Swine Flu Immunization Prods. Liability Lit.*, 880 F.2d 1439, 1442 (D.C.Cir. 1989).

### A. *The Religious Freedom Restoration Act*

█ Plaintiffs contend that 36 C.F.R. § 7.96(k)(2), to the extent that it prohibits them from selling message-bearing t-shirts, constitutes a substantial burden on their exercise of religion in violation of RFRA. Congress enacted RFRA following the Supreme Court's decision in *Employment Div., Dept. of Human Resources v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), which "virtually eliminated the requirement that the govern-

ment justify burdens on religious exercise imposed by laws neutral toward religion." 42 U.S.C. § 2000bb(a)(4). RFRA restores the application of the compelling state interest test to the free exercise analysis, which had developed in *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972), and *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). 42 U.S.C. § 2000bb(b)(1).

▆▆▆▆ Under RFRA, the government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless "it demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb–1.[1] Plaintiffs bear the initial burden of establishing that defendants have substantially burdened their free exercise of religion, *Branch Ministries v. Rossotti*, 40 F.Supp.2d 15, 24 (D.D.C.1999), by placing a substantial burden "on the observation of a central religious belief or practice," *Hernandez v. Commissioner of Internal Revenue*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989), or " 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.' " *Branch Ministries*, 40 F.Supp.2d at 25 (quoting *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 718, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981)).[2] If and only if plaintiffs can demonstrate a substantial burden are defendants then required to show that the substantial burden embodied in the regulation furthers a compelling governmental interest and is the least re-

strictive means of furthering that interest. *Id.*

Plaintiffs contend that the regulation barring the sales of t-shirts imposes a substantial burden on their free exercise of their religion, because it precludes them from engaging in their religious duty to communicate the gospel by all available means. The Court does not question that this is a deeply and sincerely held belief that is central to plaintiffs' evangelical mission. However, in view of the Court of Appeals' decision in *Friends I*, this Court is unable to discern how this belief is substantially burdened by a regulation barring t-shirt sales on federal parkland in Washington, DC. As the Court of Appeals found, plaintiffs may distribute their t-shirts on the National Mall for free. 116 F.3d at 497. While this Court, in considering the *Friends I* case and the relationship of sales of message-bearing t-shirts to the First Amendment, did not believe that the sale of message-bearing t-shirts should render plaintiffs' activities outside the scope of First Amendment protection, the Court of Appeals did not subscribe to that view. It did not find First Amendment protection for the commercial aspect of the activity. 116 F.3d at 497. Applying that principle here, since plaintiffs may give away their message-bearing t-shirts for free, the amended regulation does not impose an impermissible burden on plaintiffs' rights under RFRA. If plaintiffs are unable to disseminate their message by t-shirts on federal parkland in Washington, DC, it is not on the basis that the regulation bars the distribution of message-bearing t-shirts, but on the basis that plaintiffs

---

1. In *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), the Supreme Court held that by enacting RFRA, Congress had exceeded its enforcement power under § 5 of the Fourteenth Amendment to the extent RFRA was made applicable to the states. Since defendants do not contest the applicability of RFRA to the federal government, the Court will assume its applicability to the federal government for purposes of this case.

2. The legislative history of RFRA makes clear that the courts may look to pre-RFRA cases for assistance in determining the scope of substantial burden, compelling governmental interest, and least restrictive means when engaged in a RFRA analysis. *See Adams v. Commissioner of Internal Revenue*, 170 F.3d 173, 176–77 (3d Cir.1999).

lack the financial resources to distribute their t-shirts for free.

Because the Court finds that the regulation does not impose a substantial burden on plaintiffs' free exercise of their religion pursuant to the law as enunciated by this Circuit, the Court need not address whether the government can demonstrate a compelling interest in imposing such burden and whether it did so in the least restrictive means possible.

### B. *The Fifth Amendment's Equal Protection Clause*

■ Plaintiffs have also bottomed their amended complaint on the basis of a denial of their equal protection rights. The right to equal protection under the law is made applicable to the federal government through the Due Process Clause of the Fifth Amendment. *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

Plaintiffs claim that since the amended regulation was promulgated, they have observed t-shirt sales in the vicinity of the Mall. This observation has not been substantiated. Indeed, the contrary has been shown. In the Second Declaration of Richard Merryman, Chief of the Division of Park Programs, National Capital Parks–Central in the National Capital Region of the National Parks Service, which was submitted in support of defendants' motion, Merryman states that the NPS did not extend permission for such sales and that enforcement action against violators has been taken. Plaintiffs have not disputed these findings. Accordingly, the Court finds no violation to plaintiffs' right to equal protection under the law.

### C. *The Administrative Procedures Act*

■ Plaintiffs claim that defendants violated the APA with respect to the issuance of the four notices following the Court of Appeals' decision upholding the constitutionality of the amended regulation in *Friends I*. In their amended complaint, plaintiffs allege that these four notices were promulgated by the NPS without prior notice and comment as required by the APA.

The notices dated August 18, 1997 and August 22, 1997, announce the Court of Appeals' decision in *Friends I* and apprise the public that the provisions of the regulation will be enforced. The notices dated August 21, 1997 and September 5, 1997, discuss the scope of permissible sales transactions under the regulation. These two notices announce that the items prohibited from sale under the amended regulation may not be sold via an "artifice," which the notices illustrate by example as the giving away of a prohibited item in connection with the sale of a permitted one.

To the extent the four notices reiterate the provisions of the regulation in dispute or announce the Court of Appeals' decision in *Friends I,* the Court finds that notice and comment are not required. They do not promulgate a new rule of general application but only restate a regulation whose promulgation pursuant to the APA is not challenged by plaintiffs. The notices also announce the decision of the Court of Appeals upholding the constitutionality of the regulation, which is not a matter that is subject to notice and rule making requirements.

■ With respect to the explanations of permissible sales transactions appearing in the August 21, 1997 and September 5, 1997 notices, the Court finds that they reflect the language appearing in the preamble to the final rule set forth in the Federal Register, which provides that "[a]ttempts to offer or sell items, whether directly or by the use of an artifice, other than books, newspapers, leaflets, pamphlets, buttons and bumper stickers on park land are prohibited. For example, restricted merchandise cannot be 'given away' and a 'donation accepted' or one item 'given away' in return for the purchase of another item; such transactions amount to sales." 60 Fed.Reg. at 17,648.

■ The preamble, which gives official interpretive guidance to the regulation,

should be accorded due deference unless clearly erroneous or contrary to the terms of the regulation. *See Innovative Health Sys., Inc. v. City of White Plains,* 931 F.Supp. 222, 236 n. 6 (S.D.N.Y.1996). Notably, the contested language in the preamble does not contravene the language of the regulation, *see National Propane Gas Ass'n v. United States Dep't of Transp.,* 43 F.Supp.2d 665, 683 (N.D.Tex. 1999), and illustrates what amounts to permissible and impermissible sales under the regulation and the types of evasive tactics by putative vendors that will not be tolerated by the NPS. The Court will not disturb the official agency interpretation of the regulation set forth in the preamble and referenced in the two notices by invoking yet another round of rule making.[3]

### D. *The First Amendment Claims*

Plaintiffs also challenge the constitutionality of the regulation as a violation of the Free Speech, Free Press, and Free Exercise Clauses of the First Amendment. Their free speech and free press claims are a recasting of First Amendment arguments that have been previously made before this Court and the Court of Appeals, and plaintiffs have presented no new grounds for reconsideration of this issue. Since the Court of Appeals fully addressed the issue, this Court believes that nothing further can be gained by a further discussion of these claims. As for plaintiffs' claim styled "hybrid right of free exercise," because the Court finds that plaintiffs' other First Amendment claims fail, plaintiffs do not have a viable cause of action on this claim and it will be dismissed. *See Employment Div.,* 494 U.S. at 872–73, 110 S.Ct. 1595.

### III. CONCLUSION

Although the Court will grant defendants' motion, it remains sympathetic to plaintiffs' claims, as noted in its decision in

*Friends I.* This is because the Court of Appeals in a detailed opinion upheld the NPS regulation at issue here. It would be incongruous for this Court to now find that these plaintiffs would have the right to sell their wares on the National Mall but preclude the many equally deserving plaintiffs in the *Friends I* litigation from delivering their messages. As a nation that believes in the rule of law, the final authority having spoken, the litigation on the validity of defendants' amended regulation must come to an end.

An appropriate Order accompanies this Memorandum Opinion.

### *ORDER*

This matter is before the Court on defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendants' motion be **GRANTED.**

---

3. Plaintiffs also submit that the definition of "sales" is subject to rule making because it is "of a highly controversial nature." 36 C.F.R. § 1.5. As already discussed, the need to submit the sales definition for notice and com-

ment rule making is obviated by the fact that the definition appeared in the preamble to a final rule that had already been submitted for notice and comment.